IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY L. DIGGS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2232-N |
| | ) | ECF |
| MENES LAW FIRM, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action.

Parties: Plaintiff resides in Dallas, Texas. Defendant is the Menes Law Firm, also from Dallas, Texas. The Court did not issue process in this case pending preliminary screening.

Statement of Case: Plaintiff alleges that the Menes Law firm engaged in legal malpractice, negligence, negligent misrepresentation, breach of fiduciary duty, and fraud. He seeks monetary relief.

Findings and Conclusions: Even when liberally construed, Plaintiff's complaint fails to allege federal subject matter jurisdiction. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

The complaint fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff merely complains of legal malpractice, negligence and fraudulent misrepresentations on the part of the Menes Law Firm.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and the Menes Law Firm are citizens of the State Texas. Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.[1]

Plaintiff's motion for the appointment of counsel should be denied. A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Moreover, in the instant case, Plaintiff cannot show that his case presents exceptional circumstances warranting the appointment of counsel. *See Ulmer*, 691 F.2d at 212.

---

[1] Insofar as Plaintiff seeks to rely on 42 U.S.C. § 1983, the Court notes that a defense attorney in a criminal proceeding, whether retained or court appointed, is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint should be DISMISSED for want of jurisdiction, and that Plaintiff's motion for the appointment of counsel (docket #3) should be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of March, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.